```
 1  McGREGOR W. SCOTT
    United States Attorney
 2  SAMANTHA S. SPANGLER
    Assistant U.S. Attorney
 3  501 I Street, Suite 10-100
    Sacramento, California 95814
 4  Telephone: (916) 554-2792
 5
 6
 7              IN THE UNITED STATES DISTRICT COURT
 8            FOR THE EASTERN DISTRICT OF CALIFORNIA
 9
10  UNITED STATES OF AMERICA,    )   CASE NO.  CR.S-04-0443 PAN
                                 )
11               Plaintiff,      )   STIPULATION, DECLARATION AND
                                 )   [PROPOSED] ORDER VACATING
12        v.                     )   SENTENCING HEARING AND WRIT OF
                                 )   HABEAS CORPUS AD PROSEQUENDUM
13  CARL DEWAYNE HUGHES,         )   AND SETTING STATUS CONFERENCE
                                 )
14               Defendant.      )   DATE:  May 5, 2005
                                 )   TIME:  9:00 a.m.
15  _____)   COURT: Hon. Peter A. Nowinski
16
```

## Stipulation

The parties, through their respective counsel, stipulate that the sentencing hearing scheduled for May 5, 2005 may be vacated and a status conference may be scheduled July 28, 2005 at 9:00 a.m.  The parties further stipulate that the Court should vacate the Writ of Habeas Corpus Ad Prosequendum issued April 14, 2005, which commands the Modoc County Sheriff and the United States Marshal to produce defendant Carl DeWayne Hughes in this Court on May 5, 2005 for sentencing.

///

///

///

1

The reasons for this stipulation are set forth in the accompanying declaration of Assistant U.S. Attorney Samantha S. Spangler.

DATED: April 21, 2005                McGREGOR W. SCOTT
                                     United States Attorney


                                by   /s/
                                     SAMANTHA S. SPANGLER
                                     Assistant U.S. Attorney


DATED: April 21, 2005                /s/ Samantha S. Spangler for
                                     ERIC H. HINTZ
                                     Counsel for Defendant
                                     Carl DeWayne Hughes

## Order

Good cause appearing, the Court enters the following order:

1. The sentencing hearing scheduled for May 5, 2005, is vacated and a status conference is scheduled July 28, 2005, at 9:00 a.m.

2. The Writ of Habeas Corpus Ad Prosequendum issued April 14, 2005, is vacated.

IT IS SO ORDERED.

Dated:  June 8, 2005.

                                     /s/ Peter A. Nowinski
                                     PETER A. NOWINSKI
                                     Magistrate Judge

<u>Declaration of Samantha S. Spangler</u>

1. I am an Assistant United States Attorney and I am familiar with the following.

2. On April 14, 2005, a representative of the U.S. Marshal's Service telephoned me seeking clarification of the Writ of Habeas Corpus Ad Prosequendum, issued April 14, 2005. The Marshal's representative informed me it has historically been the Marshal's practice to try to avoid bringing state pretrial detainees to federal court and instead wait until their state prosecution is completed and then bring them by writ from state prison. This is so because, as here, the language in the writ typically requires that the defendant remain here until the federal prosecution is completed, which may interfere with an ongoing state prosecution.

3. I know that errors and confusion may result from federal proceedings based on the issuance of Writs of Habeas Corpus Ad Prosequendum, because I have performed research on this issue and drafted briefs responsive to motions pursuant to 28 U.S.C. §§ 2241 and 2255 in which federal prisoners sought to have time spent while in the physical custody of the United States Marshal credited against their federal sentences, although they remained under the primary jurisdiction of the state while in the Marshal's custody. It is well settled that the jurisdiction which first arrests an offender has primary jurisdiction over him. <u>Thomas v. Brewer</u>, 923 F.2d 1361, 1366-67 (9th Cir. 1991); <u>United States v. Warren</u>, 610 F.2d 680, 684-85 (9th Cir. 1980); <u>Chambers v. Holland</u>, 920 F. Supp. 618, 622 (M.D. Pa.), <u>aff'd</u>, 100 F.3d 946 (3d Cir. 1996); <u>United States v. Smith</u>, 812 F. Supp. 368, 370 (E.D.N.Y. 1993). Primary jurisdiction will shift from the state to the federal government

3

when the state authorities relinquish primary jurisdiction by execution of sentence, parole, bail, dismissal, etc. Any transfer to another jurisdiction which occurs prior to the extinguishment of the state obligation - such as on a Writ of Habeas Corpus Ad Prosequendum - does not relinquish primary jurisdiction. See Ponzi v. Fessenden, 258 U.S. 254 (1922); Taylor v. Reno, 164 F.3d 440 (9th Cir. 1998); Thomas, 923 F.2d at 1366-67; Warren, 610 F.2d at 684-85; Rios v. Wiley, 201 F.3d at 274; In re Liberatore, 574 F.2d 78 (2d Cir. 1978); Chambers, 920 F. Supp. at 622; Smith, 812 F. Supp. at 370. The determination of primary or secondary jurisdiction is not a mere technicality, but is a matter of comity and separation of powers to be resolved by the Executive Branches of the respective sovereigns. Warren, 610 F.2d at 684.

The earliest date a federal sentence commences is the date it is imposed. Shelvy v. Whitfield, 718 F.2d 441, 444 (D.C. Cir. 1983); United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980). A consecutive sentence imposed on a defendant already in state custody cannot commence until the state authorities relinquish the prisoner on satisfaction of the state obligation. See Del Guzzi, 980 F.2d at 1270-71; Thomas v. Whalen, 962 F.2d 358, 360-61 (4th Cir. 1992) ("A [federal] detainer neither effects a transfer of a prisoner from state to federal custody nor transforms state custody into federal custody by operation of law."); Hernandez v. United States Attorney General, 689 F.2d 915, 918-19 (10th Cir. 1982); Roche v. Sizer, 675 F.2d 507, 510 (2nd Cir. 1982); Crawford v. Jackson, 589 F.2d 693 (D.C. Cir. 1978).

Under these authorities, defendant Hughes, who is in the custody of the Modoc County Sheriff and has been since his arrest on

January 20, 2005 on a warrant issued by the Modoc County Superior Court, is in the primary jurisdiction of the State of California. (On January 20, 2005, the defendant voluntarily appeared in this Court for his arraignment on the charges in this case; he was released on his own recognizance in this case.)

    4.  I know that a federal court may not order a sentence it imposes to run either concurrently with or consecutively to a prospective state sentence.  18 U.S.C. § 3584(a); <u>Taylor v. Sawyer</u>, 284 F.3d 1143, 1148 (9th Cir. 2002) ("we have held on several occasions that the district court cannot order a sentence to run either concurrently or consecutively to a non-existent term").  I do not intend to anticipate whether this Court would consider imposing a sentence in this misdemeanor case to run either concurrently with or consecutively to any sentence that might be imposed by the state court, if the defendant should be convicted of the felony charges he faces; I merely note that, if this Court imposes sentence in this case before the state charges are resolved, there will be no opportunity to consider such an option.

    5.  On April 19, 2005, defendant Hughes was arraigned in Modoc County Superior Court on a felony sexual assault charge, the defendant having been held to answer on that charge at a preliminary hearing approximately a week earlier.  At the arraignment, the Modoc Court scheduled a further hearing for May 17, 2005, at 1:45 p.m.; defense counsel indicated that motions may be filed.  On Friday, April 15, 2005, Modoc County District Attorney Jordan Funk informed me that he anticipated that the defendant's jury trial would likely take place in July 2005.  Mr. Funk expressed concern to me that bringing the defendant to federal court for sentencing on the

5

federal misdemeanor charge while the Modoc County felony case is pending could interfere with the latter.  Mr. Funk also notified me of his understanding that charges are also pending against the defendant in Lakeview Oregon on similar charges involving the same victim as in the Modoc County case, and that a warrant has been issued and a detainer is in place.

    6.  Following my conversation with Mr. Funk, I spoke to a Deputy U.S. Marshal, who opined that the best course of action would be to await the completion of both the Modoc County and the Oregon cases and then to serve a Writ of Habeas Corpus Ad Prosequendum on the state prison authority housing the defendant - either California or Oregon - for the sentencing in the federal case.  It is easier for the Marshal to transport an inmate to and from a state prison rather than to and from a county's pretrial detention facility.

    7.  I believe that the interests of justice would best be served by delaying the sentencing in the federal misdemeanor case until after the resolution of the defendant's state felony cases.  I believe that this case should be set for status conference, and continued from time to time as necessary, and the U.S. Attorney's Misdemeanor Unit will monitor the state cases until resolved and then present to the Court a new application for a Writ of Habeas Corpus Ad Prosequendum.  Mr. Hintz agrees with this approach.

    I declare under the penalty of perjury that the foregoing is true and correct to the best of my information and belief.  Executed this 21st day of April, 2005, at Sacramento, California.

                                         /s/
                                  SAMANTHA S. SPANGLER
                                  Assistant U.S. Attorney